## BOYD v. JONES, TRUSTEE.

1. PRACTICE IN CHANCERY: *Parties: Trustee and cestui que trust.*
   The owner of a debt is a necessary party to a suit by a trustee to foreclose a deed of trust executed to him by the debtor to secure the debt.

2. SAME: *Dismissal without prejudice.*
   When a demurrer which is general as to the merits, and special for defect of parties, is sustained generally, to a complaint which is sufficient in equity, but wanting in necessary parties, and the plaintiff refuses to amend, the court should dismiss the complaint without prejudice and not absolutely; and an absolute dismissal will be modified here into a dismissal without prejudice.

APPEAL from *Jefferson* Circuit Court in Chancery.
Hon. J. A. WILLIAMS, Circuit Judge.

*Compton & Fuller* for appellant.

The court erred in dismissing the bill *absolutely*. It showed equity on its face, and if dismissed at all, should have been dismissed without prejudice.

The general rule is that the *cestui que trust* should be joined as a party plaintiff, but one notable exception is where the disposition of the property was within the power of those before the court. (*5 Beav., 173.*) See also *23 Ark., 507; 31 Ark., 210.* •

*Martin & Taylor* for appellee.

In suits to foreclose a mortgage the *cestui que trust* is a necessary party. (*3 Ark., 364; 2 Jones on Mortg., sec. 1384; Story Eq. Pl., secs 202, 209.*) There is nothing in the decree that would preclude the trustee and *cestui que trust* from bringing suit, and they were not prejudiced by the dismissal, even if it be construed as an absolute dismissal. (*Ky. Code, p. 502 and notes; 17 B. Mon., 602.*) See also *18 Ark., 24.*

EAKIN, J. Boyd is trustee in a trust deed of a small tract of land, executed by Jones the purchaser, to secure the payment of a note for the purchase money, given to the vendor Emmett Yell. The complaint sufficiently sets forth the facts and seeks foreclosure, but does not make Yell a party. Jones demurred generally, and also specially because Yell was not made a party. The demurrer was sustained in general terms, without specifying the ground, and complainant declining to amend, the court dismissed the bill. From this Boyd appeals.

There was plain equity in the bill, and we suppose the Chancellor sustained the demurrer on account of a supposed defect of parties.

*1. PARTIES: Trustee and cestui que trust.*

Boyd had no interest in this suit, except for commissions as trustee. Yell was the real party interested, as complainant. Section 4933 Mansfield's Digest directs that every action must be prosecuted in the name of the real party in interest, except where the subject of the action is

transferred during the suit; or where the complainant is an executor, etc., or trustee of an express trust.   There are some other exceptions having no bearing on this case.

We have derived the section of our Code, making these exceptions (*sec. 4936 Mansfield's Digest*) from the Kentucky Codes of Practice.   In that State it has been held that the object of the section was to save to the guardian or trustee still the right to sue in his own name in all cases where he might have done so before.   That is to say, the general provision that every action must be brought in the name of the party really interested, is not to apply to cases where the trustee or fiduciary might have sued in his own name before the act; without intending, however, to *confer* upon him the power to sue in his own name where he could not before.   *Anderson v. Watson, 3 Met., 509; B. & L. R. R. Co. v. Metcalfe, 4 Ib., 199.*

This is not a case where, before the Code, the trustee could have sued alone.   The trustee does not seek to have the absolute control of the proceeds of sale, subject only to an account to be made by him with the creditor holding the note.   He seeks foreclosure of an equity, and a distribution of the proceeds by the court, between the costs, the creditor and the debtor, according to the rights respectively. That is what, under our practice, is meant by foreclosure. The general rule under the old practice required the creditor in this case to be made a party.   (*Story's Eq. Jur., sec. 201.*)   There were some exceptions to the general rules, very clearly expressed in the case of *Carey et al. v. Brown, 92 U. S., 171.*   The court there quotes and approves the following declaration of the Master of the Rolls in *Horsley v. Fawcett, 11 Beav., 569:*  " If the object of the bill were to recover the fund, with a view to its administration by the court, the parties interested must be represented.   But it merely seeks to recover the trust

moneys, so as to enable the trustee hereafter to distribute them agreeably to the trusts declared. It is therefore unnecessary to bring before the court the parties beneficially interested."

If the demurrer had been alone for want of parties, and the bill had been dismissed for the perversity of the complainant in declining to bring the creditor in, after being thus advised by sustaining the demurrer, the effect of the decree would not perhaps have precluded another suit. But as there was a general demurrer united with the special one, and the court does not intimate whether its general ruling was on the merits or on defect of parties, the proper decree would have been to dismiss without prejudice. *Eddins v. Buck, 23 Ark., 507*, is a case as to the proper practice upon this point; although in this case there is this difference, that the complainant has already declined to amend, and is not entitled to have a remand with leave to do so. Still the dismissal should have been without prejudice, that when advised to do so he may proceed *de novo* with proper parties, and upon the merits.

Enter a decree here, modifying the decree below, so as to make the dismissal without prejudice, and affirm it otherwise.

*2. Dismissal without prejudice.*