## HYNER v. BORDEAUX.
### Opinion delivered May 7, 1917.

1. APPEAL AND ERROR—SUFFICIENCY OF ABSTRACT.—An abstract will be held sufficient under Rule 9* of this court, which fully abstracts all

*Rule 9 provides that appellant shall file "an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all the questions presented to this court for decision."—(Reporter.)

the testimony in the record upon the points relied upon by him for a reversal of the cause.

2. APPEAL AND ERROR—FINDINGS OF CHANCELLOR.—On appeal the decree of the chancellor will not be disturbed unless his findings are clearly contrary to the weight of the evidence.

3. FORECLOSURE OF MORTGAGE—UNDER POWER—VALIDITY.—The finding of the chancellor that a mortgage was properly foreclosed under the power therein contained, twelve years having elapsed since the foreclosure, and only the attorney who attended to the foreclosure testifying that the same was properly done, upheld.

Appeal from Chicot Chancery Court; *Zachariah T. Wood,* Chancellor; affirmed.

*B. F. Merritt,* for appellants.

1. The uncontroverted proof is that plaintiff's mother went into possession under color of title and resided on the lands for more than twenty years. She had the right of homestead. 54 Ark. 9; 56 *Id.* 146. To this the minor children succeeded and they can maintain eject-ment. 29 Ark. 633.

2. The proof does not show compliance with the law by defendant or the directions in the mortgage. The land was not appraised, Kirby's Digest, §§ 5416-17, and the sale was void. 55 Ark. 268; *Ib.* 326; 70 *Id.* 309; 84 *Id.* 298. There was no right of substitution in the mort-gage and this power of sale rests solely upon the terms of the mortgage. 55 Ark. 326.

3. The mortgagee purchased at the sale. 55 Ark. 268. The burden was on appellee to show that the sale was "in all respects fairly and faithfully conducted."

4. No statute of limitation was applicable. 55 Ark. 268. The occupant is liable for the rents of a minor's homestead. 26 Ark. 633; 37 *Id.* 316; 47 *Id.* 445; 49 *Id.* 75; 52 *Id.* 213; 70 *Id.* 483; 95 *Id.* 256.

5. The betterment act has no application in behalf of the occupant of a minor's homestead, and the occupant is entitled only to the cost of necessary repairs and taxes,

and not to the cost of permanent improvements.   47 Ark.
456; 55 *Id.* 369; 61 *Id.* 27, 32; 95 *Id.* 256.  The occupant is
liable for rents, the actual rental value, not what he re-
ceives.   The findings of the chancellor are clearly against
the preponderance of the evidence.

*Knox & Knox,* for appellee.

1.   Appellee has failed to comply with rule 9.   No
sufficient abstract is filed.   87 Ark. 202; 82 *Id.* 547; 80 *Id.*
19; 88 *Id.* 449.   Where the testimony is not abstracted *in
full* it will be presumed that the findings are correct.   92
Ark. 41; 89 *Id.* 41; 78 *Id.* 374; 96 *Id.* 354; 104 *Id.* 226; 102
*Id.* 95.   The case should be affirmed.

HUMPHREYS, J.   Appellants, who were the children
of Jane Moore, instituted suit by ejectment on the 12th
day of June, 1915, against appellee to recover possession
of the following described land in Chicot County, towit:
The east half of the southwest quarter, section 26, and
that part of the east half of the northwest quarter of sec-
tion 35 that lies north of the Little Rock, Mississippi
River & Texas Railway, all in township 13 south, in range
3 west.   They alleged in substance that the lands be-
longed to their mother, Jane Moore, and that said lands
constituted her homestead at the time of her death in
February, 1904; that appellants, Sam and Cap Moore,
who were and are minors, had been ousted immediately
after their father's death in March, 1904, and in addition
to the right of possession, they were entitled to $375 per
annum as rent on said lands, from the time they were dis-
possessed.   The three appellants alleged that they were
entitled to damages in the sum of $400 for timber cut
and removed by appellee off of the unimproved portion
of said lands.

Appellee filed an answer and cross-bill, claiming
ownership in said lands by virtue of a mortgage foreclos-
ure against Jane and William Moore by Mrs. E. E. Boyd,
in the fall of 1903.   The mortgage was executed on the
7th day of June, 1902, by William Moore and Jane Moore

on said real estate to secure a loan in the sum of $938.39. Appellee alleged that at the foreclosure sale J. C. Knox purchased said real estate, and pursuant to said purchase the mortgagee, Mrs. E. E. Boyd, deeded said property to Knox; that Knox deeded said real estate back to her and that he owns a part thereof by deed from her and the remainder by conveyances from her grantees; and also pleaded, by way of defense, the statute of limitations, the right of subrogation to Mrs. E. E. Boyd under the mortgage; and his right to the value of improvements made on the land under and by virtue of the Betterment Act.

Appellants filed an answer to the cross-bill, denying that Mrs. E. E. Boyd ever foreclosed said mortgage, or that she foreclosed it in the manner provided in the power or by law; or that appellee had made valuable improvements on the land; or that they were barred by the statute of limitations, or that appellee was entitled to subrogation to the rights of Mrs. E. E. Boyd, under the terms of said mortgage.

On motion, the cause was transferred to the chancery court and there heard upon the pleadings and evidence, from which the chancellor found that the mortgage had been duly foreclosed under the power, in the lifetime of the mortgagors, William and Jane Moore. In accordance with this finding, the bill was dismissed. From the decree dismissing the bill, an appeal has been prosecuted to this court, and the case is here for trial *de novo*.

(1) Appellee insists that the decree should be affirmed for failure of appellant to abstract the evidence in the case. It seems to have been the purpose of appellant to abstract only that evidence tending to prove or disprove the vital issue upon which the case was determined by the chancellor. Rule 9 invoked by appellee to support his motion for affirmance, provides that an appellant shall file "an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are neces-

sary to a full understanding of all the questions presented to this court for decision." Appellant asks that only one question be determined by the court, and that question is whether the evidence was sufficient to sustain the court's findings that the mortgage was duly foreclosed. It is not pointed out by appellee that the transcript contained any evidence not abstracted by appellant tending to prove or disprove the issue just stated.

(2) While this court will try cases *de novo,* it has been well settled that decrees of chancellors will not be set aside on appeal unless his findings are clearly contrary to the weight of the evidence.

(3) Both the mortgagors and mortgagee are dead. The foreclosure proceedings were under the power and not in a court of record. The foreclosure occurred in the fall of 1903, about twelve years before the institution of this suit. The only living witnesses to the foreclosure proceedings were the attorneys who represented Mrs. E. E. Boyd in the foreclosure proceedings. They both testify that Mrs. Boyd employed them to foreclose the mortgage under the power.

R. L. Hardy, one of the attorneys, said that in the fall of 1903 Mrs. Boyd turned over to them a mortgage on said lands, executed by William and Jane Moore, for foreclosure; that they proceeded to foreclose under the power in the mortgage; that Mr. Knox, the other member of the firm, attended to the details of the foreclosure and went to Lake Village and attended to the sale, and that he can not now remember the details, as it has been so long.

J. C. Knox, the other member of the firm, stated in substance that he called on William and Jane Moore to see if he could get a deed without foreclosing, but, failing to do so, they then proceeded to advertise the property for sale under the power in the mortgage, and after advertising, as required by law, he went in person to Lake Village and had the land publicly sold; that he bought it in for $860; that upon his return he had Mrs. Boyd exe-

.cute him a deed, and that he and his wife made a quit-claim deed back to her; that he was sure there was an appraisement and that the sale was made in all respects as required by law. He could not remember who appointed the appraisers, and, on cross-examination, stated. that unless the requirements of the law had been complied with, he would not have put the sale on.

No evidence appears in the record contradictory of the statements made by these attorneys. We can not say that the findings and decree of the chancellor are clearly contrary to the weight of the evidence.

The decree is affirmed.