HILL v. BUSH.

Opinion delivered November 18, 1929.

*Roy D. Campbell,* for appellant.
*Ross Mathis,* for appellee.

MEHAFFY, J. The appellee brought this suit to recover from appellant $1,384.03, which he alleged was due him from appellant, and also to require the appellant to surrender the note executed by W. J. Loveless and indorsed by appellee.

The facts, briefly stated, are as follows: In 1922 W. J. Loveless was indebted to S. M. Bush, appellee, in the sum of $1,384.03. Loveless at that time was indebted to F. P. Hill, appellant, in the sum of $1,285.80. Loveless was also indebted at that time to the First National Bank in the sum of $1,991.41. Appellee was indorser on the note of Loveless to appellant.

On January 3, 1922, an agreement was entered into by Loveless, Bush, Hill and the First National Bank. This agreement of the parties was that Loveless and his wife should execute notes to F. P. Hill, and, to secure the payment of these notes, was to execute a deed of trust to F. L. Maxwell, trustee for F. P. Hill, for the sum

of $4,612.44, the amount of the three debts owing by Loveless. Bush was to be relieved as indorser on the Loveless note, and his note was to be delivered to him. The notes and deed of trust were executed and delivered to Argo, who delivered them to Hill, and the deed of trust was thereafter recorded.

In August, 1922, suit was brought in the Woodruff Chancery Court by Loveless and wife to cancel the deed of trust on the alleged grounds of fraud practiced by Argo and Hill. Hill was made a party, and served with summons, but failed to appear, and a decree was entered canceling and setting aside the deed of trust. The property conveyed by the deed of trust was the homestead of Loveless and his wife, and was worth approximately $6,000. Shortly after the decree setting aside the mortgage, Loveless and wife sold the property for $6,000. The appellee, Bush, did not know of the suit to cancel the mortgage until after the decree and after the property had been sold. After he found out that the deed of trust had been canceled, and that Loveless and his wife had sold the property, he began this suit to collect his debt from Hill, and to require Hill to surrender his note. Loveless was insolvent.

The object of the parties in entering into the agreement was to obtain security or a deed of trust on the home belonging to Loveless to secure the debts due them. Bush, the appellee, desired to be relieved from his liability as indorser on Loveless' note to Hill, and to secure the payment of the $1,384.03 due him. Hill desired to get security for the $1,285.80 due him, and the bank desired to get security for the $1,991.41 due it. It appears that the amount due Hill was stated as $1,237, when the actual amount due him was $1,285.80, and his contention is that he never consented to accept the notes as made, and that for that reason the agreement never went into effect. The court found in favor of appellee in the sum of $1,384.03 and interest from January 3, 1922, at 10 per cent. per annum, and canceled the note on which appellee was indorser.

434

It is earnestly insisted that the suit brought in chancery court to cancel the deed of trust could not affect the interest of Bush because he was not made a party to that suit, as he was a holder of one of the notes, and that he therefore had his remedy against the property conveyed in said deed of trust. We cannot agree with appellant in this contention. The notes were made to F. P. Hill, and the deed of trust was made to F. L. Maxwell, trustee for F. P. Hill. Bush's name is not mentioned in the deed of trust. The deed of trust was executed by Loveless and wife to F. L. Maxwell, trustee for F. P. Hill.

Appellant contends that, since Bush was not made a party, he was not bound, and argues that the parties necessary to a foreclosure suit should have been made parties to cancel the deed of trust.

Section 1092 of C. & M. Digest provides, among other things, "that a person with whom or in whose name a contract is made for the benefit of another * * * may bring an action without joining with him the person for whose benefit it is prosecuted." It seems clear that, under this section, to foreclose under the deed of trust, the parties plaintiff would have been Maxwell, trustee, and Hill, and the parties for whose benefit the contract was made would not have been necessary parties. In the suit to cancel the deed of trust Bush was not a necessary party. His name is not mentioned in the deed of trust. The deed of trust was made to Maxwell, trustee for Hill, and the suit to cancel the deed of trust was based on the alleged fraud and deceit by Hill. He was made a party to the suit, summons was served on him, and the decree in that case recites that Maxwell and Hill, though duly served with summons, make default. No defense was made to the suit by Maxwell or Hill. Hill was one of the largest stockholders in the bank, and it appears from the record that, as a compromise or agreement with the bank. the bank was paid $1.000 by Loveless when this deed of trust was canceled, or when the property was sold.

It is argued that the necessary parties to the suit were the same as they would be in a foreclosure suit. That is, all persons having either an equitable or legal interest and all who are entitled to the money must be before the court. And appellant calls attention first to *Smith* v. *Richardson*, 32 Ark. 297. In that case the court held that, in a bill to foreclose a mortgage after the death of the mortgagor, the heirs were necessary parties. But that was a case where the mortgagor, after the execution of the mortgage, had died, and the suit was against the administrator, and not against the heirs. The court said that, in a bill to foreclose, the heirs of the deceased mortgagor should be made defendants, or some excuse for not making them defendants should be shown. This case has no application to the facts in the instant case, and moreover the statute above referred to authorizes a suit to foreclose by the party in whose name the contract is made.

Appellant next calls attention to *Boyd* v. *Jones*, 44 Ark. 314, in which the court held, citing the section of the Digest which provides that every action must be prosecuted in the name of the real party in interest, except, etc., that this section was not to apply to cases where the trustee or fiduciary might have sued in his own name before the act. The court further said: "If the object of the bill were to recover the fund with a view to its administration by the court, the parties interested must be represented. But it merely seeks to recover the trust moneys so as to enable the trustee to distribute them hereafter agreeably to the trust declared. It is therefore unnecessary to bring before the court the parties beneficially interested."

The next case to which attention is called by the appellant is *Howell* v. *Walker*, 111 Ark. 362, 164 S. W. 746. In that case the court simply held that the trustee in a mortgage on land is a necessary party to a foreclosure proceeding. Here, in the suit to cancel the deed of trust, the trustee was made a party.

Neither of the cases referred to by the appellant is applicable here.

It is next contended by the appellant that the agreement was not consummated. This is purely a question of fact. While the appellant himself testified that the note for him was not for as great amount as it should be by approximately $60, yet the evidence shows that the notes and deed of trust were delivered to him, were recorded, and he himself says that it would have been perfectly all right if they had paid him the difference, and his contention is that he did not accept it, or, if he did at all, it was conditional upon Bush paying him the difference.

According to the testimony of appellee's witnesses, the agreement was consummated, the deed of trust executed securing appellee, and the undisputed proof shows that Loveless was insolvent, and that the decree canceling the deed of trust was entered, and the property actually sold by Loveless before the appellee ever knew anything about the suit.

We have not set out the evidence in detail, but we have carefully considered the entire evidence, and have reached the conclusion that the finding of the chancellor is supported by a preponderance of the evidence.

In appeals from the chancery court trials are *de novo*, but the findings of fact by the chancellor are allowed to stand unless they are clearly against the preponderance of the evidence. *Turner* v. *Adams*, 178 Ark. 67, 10 S. W. (2d) 11; *Fort Smith* v. *Norris*, 178 Ark. 399, 10 S. W. (2d) 861; *Barton* v. *Hardin,* 178 Ark. 432, 10 S. W. (2d) 878; *First National Bank* v. *Tate*, 178 Ark. 98, 13 S. W. (2d) 587; *Lynn* v. *Quillen*, 178 Ark. 1150, 13 S. W. (2d) 624; *Henry* v. *Erber,* 175 Ark. 641, 1 S. W. (2d) 49; *Doane* v. *Rising Sun Mining Co.*, 139 Ark. 605, 213 S. W. 399; *Hyner* v. *Bordeaux,* 129 Ark. 120, 195 S. W. 3; *Midyett* v. *Kerby,* 129 Ark. 309, 195 S. W. 674; *Ferguson* v. *Guydon,* 148 Ark. 295, 230 S. W. 260.

Having reached the conclusion that the finding of fact by the chancellor is sustained by a preponderance of the evidence, the decree is affirmed.