ARKANSAS POWER & LIGHT COMPANY *v.* DECKER.

Opinion delivered June 2, 1930.

*Robinson, House & Moses,* for appellant.

*Albert W. Jernigan* and *Henry B. Means,* for appellee.

BUTLER, J. On the 4th day of September, 1913, J. H. York, then being the owner of the northeast quarter of section 36, township 3 south, range 18 west, Hot Spring County, Arkansas, executed a warranty deed to W. S. Kirkham for the express consideration of $4,000, by which deed he conveyed all the sand and gravel on and under said land for a term of ninety-nine years, the grantor agreeing for himself and his successors in title to pay the taxes on said land during said term of years.

This deed was recorded in said county on the 23d day of September, 1913, and on December 13, 1913, for $1 and other valuable considerations W. S. Kirkham conveyed by warranty deed the above mentioned sand and gravel to Loula M. Foster, now Mrs. L. M. Decker, which deed was recorded on the proper record of the aforesaid county on the 23d day of December, 1913. The grantee of this deed, who afterward became Mrs. Decker (appellee here) was at that time visiting in Hot Springs, her home being in Texas where she has resided from that date until now. The land in question bordered on Ouachita River and consisted at that point of a sand and gravel bar. It was near this point that afterward the dam known as the Remmel Dam was constructed for the purpose of generating electricity.

In January, 1923, negotiations were begun with York for the purchase of the gravel by the Caddo River Power & Irrigation Company which purchase was finally completed, and the land was then conveyed by said company to the Arkansas Light & Power Company, appellant's predecessor. An abstract was prepared and furnished to these companies in which the deeds from York to Kirkham and from Kirkham to Foster appeared. The title, as disclosed by the abstract not being satisfactory, certain affidavits were obtained to the effect that York had been in continued possession of the land for a considerable number of years; that the deed from York to Kirkham had been placed in escrow until payment of purchase price, and obtained through fraud without anything being paid York for the conveyance. These affidavits apparently satisfied the Arkansas Power & Light Company, and in April, 1923, this company installed machinery and began to remove the sand and gravel from about two or three acres of the land and used the same in the construction of the dam. From April of 1923 until the latter part of September, 1924, the work of removing the sand and gravel was continuous, and about the last of September, 1924, the employees were paid off and the

record shows that on the 4th day of October, 1924, the work of removing the gravel had been completed. The plant was shut down and dismantling of the machinery begun, and on November 28, 1924, the dam was fully completed and the production of electricity started.

Sometime in the summer or fall of 1927 Mrs. Decker, appellee, first learned by rumor that the gravel she had purchased from Kirkham was being removed from the land and thereafter on December 13, 1927, she filed this action against the appellant, successor of the Arkansas Light & Power Company, for the willful trespass on said land in the removal of sand and gravel therefrom in large amounts, for which she asked damages. The trial resulted in a decree in favor of Mrs. Decker, from which this appeal is prosecuted.

A number of questions are presented and discussed in the briefs of counsel which it will be unnecessary for us to consider, since at the outset of the case the appellee is met by the bar of the statute of limitations. Section 6950 of C. & M. Digest provides: "The following actions shall be commenced within three years after the cause of action shall accrue, and not after: First. All actions founded upon any contract or liability, expressed or implied, not in writing. Second. All actions for trespass on lands or for libels. Third. All actions for taking or injuring any goods or chattels."

The facts are undisputed that this suit was instituted more than three years after the cause of action accrued. There was no gravel removed after October 4, 1924, and this suit was not filed until December 13, 1927, a period of more than three years after the cause of action accrued. The appellee seeks to escape the bar of the statute of limitations by virtue of the rule announced in the case of *McKneely* v. *Terry*, 61 Ark. 527-44, where it is held that "a cause of action, kept fraudulently concealed, will stop the bar of the statute in favor of the one against whom the fraud is perpetrated, until the fraud is or should have been discovered." Appellee insists that the facts

of the present case bring it within that rule, and cite in support of her contention: *Conditt* v. *Holden,* 92 Ark. 618; *Walden* v. *Blasingame,* 130 Ark. 452; *Crissman* v. *CarlLee,* 132 Ark. 36; *Catherena* v. *Porter,* 134 Ark. 167. These cases merely restate the doctrine announced in *McKneely* v. *Terry, supra,* and hold it applicable to the facts of those cases.

There was no fraud or concealment of the appellee's cause of action on the part of the Arkansas Power & Light Company, and the rule stated has no application here. Appellant entered with a large crew of laborers on the land, and for more than a year remained thereon excavating and removing large quantities of sand and gravel. The erection of the Remmel Dam was a matter of State-wide interest, and no effort was made in any way to conceal the operations of the Power and Light Company. While York, in the conveyance from him to Kirkham, had agreed to pay the taxes on the land including the sand and gravel, this imposed upon him no duty to guard the land from trespass, and, if so, his failure to notify Kirkham or his assigns, if it could be said to have been a fraud, could not be imputable to York's grantees. All that the appellant's predecessor did was to purchase a tract of land, the title to which was clouded, and to proceed openly to occupy and use it.

The effect of the holding in the case of *Western Union Tel. Co.* v. *Chappelle,* 180 Ark. 432, was that the fact at issue was peculiarly within the knowledge of the company, and that the plaintiff in the case had no information of any circumstance that might lead a reasonable person to believe that such existed, and was therefore not bound by a rule requiring complaint to be made on account of such circumstance within a certain time, while in the instant case knowledge of the trespass was open to all the world.

Mrs. Decker resides in Texas; she had not visited the land in controversy or made inquiry about it for fourteen years, and she must be deemed to have been construc-

tively present and to have known of any act of trespass committed on her property unless the trespasser, by some affirmative act on his part, had diverted her attention or put her watchfulness to sleep. As is said in *McKneely* v. *Terry, supra:* "No mere ignorance on the part of plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar. There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself." This rule has been uniformly followed by this court, and its application to the facts of the instant case force the conclusion that the trial judge should have sustained the appellant's plea. *Rock Island Plough Co.* v. *Masterson,* 96 Ark. 446; *McKinney* v. *Beattie,* 157 Ark. 356; *Conditt* v. *Holden, supra; Hibben* v. *Malone,* 85 Ark. 584. The decree is therefore reversed, and the case is dismissed.

KIRBY, J., dissents.