Ben **CORE** and Polly Anna
Core, Appellants,

v.

**SOUTHWESTERN BELL TELEPHONE
COMPANY, Appellee.**

No. 87–2519.

United States Court of Appeals,
Eighth Circuit.

Submitted April 28, 1988.

Decided May 31, 1988.

Ben Core, Fort Smith, Ark., for appellants.

Gary S. Wann and Robert E. McCallum, Little Rock, Ark., for appellee.

Before HEANEY, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

Ben Core and Polly Anna Core appeal from the district court's [1] order granting summary judgment to Southwestern Bell Telephone Co. (SWB), 673 F.Supp. 974. For reversal, the Cores argue that the district court erred in (1) granting summary judgment to SWB because there were material issues of fact in dispute and because the district court misapplied Arkansas law; (2) refusing to allow the Cores to voluntarily dismiss the suit without imposition of fees and costs should the Cores refile; (3) denying the Cores' motion to remand the case to state court after the amount of damages sought was amended to under $10,000; and (4) sustaining the validity under the Arkansas Constitution of the relevant statute of limitations, Ark.Stat.Ann. § 77–1636, *recodified at* Ark.Code Ann. § 23–17–237 (1987). We affirm.

In 1966 the Cores purchased a forty-acre tract of wild, unenclosed land in Arkansas. They did not know the exact boundaries or corners of the tract; however, the location of a SWB underground telephone cable, which had been buried in 1957, was visibly marked and noticed by the Cores who thought it was on adjoining Forest Service land. Approximately sixteen years later, in January 1982, the Cores became interested in determining the exact boundaries of their property and realized that the cable might cross their tract.

Although SWB initially denied that the cable crossed the Cores' land, in 1986 SWB acknowledged that it did, and initiated negotiations with the Cores for the purchase of an easement. To protect their interests, the Cores filed this suit in Arkansas state court on January 16, 1987, alleging trespass and seeking possession of that portion of their property being used by SWB. SWB asserted the affirmative defense of the statute of limitations,[2] and removed the case to federal district court on the basis of diversity jurisdiction.

The district court denied the Cores' motion to remand the case to state court after the amount of damages sought was amended to under the $10,000 jurisdictional amount, and conditioned voluntary dismissal without prejudice upon the Cores' payment of fees and costs if they refiled the action in state or federal court. On November 9, 1987, the district court granted SWB's motion for summary judgment on the ground that the suit was time-barred. In a thorough discussion, the court rejected the Cores' arguments that Ark.Stat.Ann. § 77–1636 was unconstitutional, and that they did not have adequate notice that the cable actually crossed their land until 1986. The court noted that it was not the location of the cable the Cores did not know about, but rather, the boundaries of their own land. The court concluded that under Arkansas law the cause of action accrued in 1966 upon notice of the location of the cable, and that the action was accordingly time-barred.

 Upon careful review of the record we conclude that the district court did not err in denying the Cores' motion to remand, *see Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180 (5th Cir.1987), and that the proposed conditions to voluntary dismissal were proper under Fed.R.Civ.P. 41(a)(2). We further conclude that the district court correctly determined that there were no material facts in dispute and that SWB was entitled to judgment as a matter of law based upon the applicable statute of limita-

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

2. Ark.Stat.Ann. § 77–1636 provided:
 No suit shall be brought against any telephone company or cooperative by the reason of the maintenance of telephone lines, poles, and fixtures, on any real property, or with[in] any right of way of any public way, unless it is commenced within two (2) years after the cause of action has accrued....

tions. *See Southwestern Bell Tel. Co. v. Poindexter,* 245 Ark. 624, 433 S.W.2d 833 (1968); *Arkansas Light & Power Co. v. Decker,* 181 Ark. 1079, 28 S.W.2d 701 (1930). We agree with the district court that the Cores' challenge to the constitutionality of Ark.Stat.Ann. § 77–1636 is without merit. *See Harlow v. Ryland,* 172 F.2d 784, 786 (8th Cir.1949).

Accordingly, we affirm the judgment of the district court. *See* 8th Cir.R. 14.