# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2856

_____

International Paper Company,      *
                                    *

          Appellant,     *

                                  *   Appeal from the United States

    v.                     *   District Court for the

                                  *   Western District of Arkansas.

MCI WorldCom Network Services,  *

Inc.,                           *         [PUBLISHED]

                                  *

          Appellee.     *

_____

Submitted:  December 15, 2005
Filed:  March 6, 2006

_____

Before COLLOTON, McMILLIAN,[1] and BENTON, Circuit Judges.

_____

PER CURIAM.

      Pending before this court is a motion by MCI WorldCom Network Services, Inc. ("MCI"), to dismiss the appeal of International Paper Co. ("IP") from a judgment of the District Court for the Western District of Arkansas[2] granting summary judgment

_____

[1]The Honorable Theodore McMillian died on January 18, 2006.  This opinion is filed by the remaining judges of the panel pursuant to Eighth Circuit Rule 47E.

[2]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

in favor of MCI on IP's complaint alleging state law claims of trespass, slander of title, and unjust enrichment. *Int'l Paper Co. v. MCI WorldCom Network Servs., Inc.*, 202 F. Supp. 2d 895 (W.D. Ark. 2002). While the appeal was pending, MCI filed for bankruptcy, and the appeal was stayed. After MCI's reorganization plan was confirmed, MCI moved to dismiss the appeal on the ground that any claims that IP may have had were discharged in bankruptcy. We grant MCI's motion and dismiss the appeal.

I.

MCI owns and operates a nation-wide fiber optic cable network that provides telecommunications services to its customers. Missouri Pacific Railroad ("MoPac" or "the railroad") has a right-of-way on land in Arkansas owned by IP. In 1985 and 1987, MCI and MoPac entered into agreements that granted MCI an easement to lay, maintain and use fiber optic cable within the railroad's right-of-way. In 1987 and 1988, MCI laid fiber optic cable in the right-of-way, marking the route with conspicuous posts and signs to indicate the presence of buried cable. Pursuant to the agreements, MoPac uses a portion of the fiber optic cable for its own telecommunications purposes.

In November 2000, IP filed a diversity action in district court, alleging trespass, slander of title, and unjust enrichment and seeking compensatory and punitive damages and declaratory and injunctive relief. IP argued that MCI's installation, maintenance, and use of the fiber optic cable constituted a trespass because MoPac lacked the authority to grant MCI an easement to lay, maintain, and use the fiber optic cable for commercial telecommunications purposes. MCI moved for summary judgment, asserting that MoPac had the right to grant MCI an easement, and, in any event, any claims IP may have had were barred by the applicable statute of limitations.

In May 2002, the district court granted MCI's motion for summary judgment. The district court held that MoPac had the authority to grant MCI an easement. *Id.* at 903. Alternatively, the district court held that any claims IP may have had accrued in 1987 and 1988 when MCI installed the fiber optic cable and marked its presence with conspicuous posts and signs, and were thus barred by the two-year statute of limitations in Arkansas Code Annotated section 23-17-237. *Int'l Paper,* 202 F. Supp. 2d. at 905.

After IP filed a timely notice of appeal, MCI filed for bankruptcy, and we stayed the appeal. Effective April 20, 2004, the bankruptcy court confirmed MCI's reorganization plan. *In re WorldCom*, No. 02-13533, 2003 WL 23861928 (Bankr. S.D.N.Y. Oct. 31, 2003) (unpublished).[3] MCI moves to dismiss the appeal and, alternatively, argues that the district court correctly granted its motion for summary judgment.

II.

Under 11 U.S.C. § 1141(d)(1)(A), confirmation of a reorganization plan "discharges the debtor from any debt that arose before the date of such confirmation." "'Debt' means liability on a claim," *id.* § 101(12), and claim includes "[a] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Id.* § 101(5)(A). IP concedes that its claims concerning MCI's installation, maintenance, and use of the fiber optic cable before the plan confirmation date were discharged in bankruptcy, but argues it has post-confirmation claims based on a continuing trespass theory.

---

[3]With the confirmation of its reorganization plan, MCI became MCI WorldCom Communications, Inc.

MCI argues that IP's continuing trespass argument is without merit, relying on *In re WorldCom, Inc.*, 320 B.R. 772 (Bankr. S.D.N.Y. 2005) (*WorldCom I*), and *In re WorldCom, Inc.,* 328 B.R. 35 (Bankr. S.D.N.Y. 2005) (*WorldCom II*).  In *WorldCom I*, 320 B.R. at 782-83, and *WorldCom II*, 328 B.R. at 54, the bankruptcy court held that trespass and unjust enrichment claims concerning MCI's fiber optic cable buried in railroad right-of-ways were discharged in bankruptcy.  The court rejected claimants' arguments that they had post-confirmation claims, concluding that light signals sent through the cable did not constitute a continuing trespass under the laws of Kansas, Alabama, and Georgia.  MCI also notes that in an unpublished order, *Bockelman v. MCI WorldCom Network Services, Inc.,* No. 02-2075, Order (8th Cir. June 1, 2004), this court granted MCI's motion to dismiss an appeal concerning an alleged trespass by MCI's fiber optic cable in a railroad right-of-way, rejecting a plaintiff's argument that he had post-confirmation claims under a continuing trespass theory under Missouri law.

IP argues that *WorldCom I*, *World Com  II* and *Bockelman* are not relevant because those courts rejected claims of continuing trespass based on the transmission of light signals through the fiber optic cable, while its continuing trespass claim is based on MCI's continued use of an easement that exceeds legal limits, which, IP asserts, constitutes a continuing trespass under Arkansas law.  *See Quality Excelsior Coal Co. v. Reeves,* 177 S.W.2d 728, 732-33 (Ark. 1944) (defendant's unauthorized use of tunnel at same time as authorized use constituted continuing trespass).  IP argues that although MoPac had the right to grant MCI an easement to use the fiber optic cable for railroad uses, it did not have the right to grant MCI an easement to use the cable for commercial telecommunications uses.

We believe IP's argument is based on a distinction without a difference.  As MCI notes, if transmission of light signals cannot constitute a trespass under Arkansas law, then transmission of light signals for a particular purpose cannot constitute a trespass.  We see no reason to believe that Arkansas would recognize a claim for

damages from an intangible trespass of light signals. *See* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 13, at 71 (5th ed. 1984) ("While it is generally assumed and held that a personal entry is unnecessary for a trespass, the defendant's act must result in an invasion of tangible matter. Otherwise, there would be no use or interference with possession." (footnote omitted)); *see also Patton v. TPI Petroleum, Inc.*, 356 F. Supp. 2d 921, 930 (E.D. Ark. 2005) (describing trespass as a direct invasion by physical forces). Thus, MCI's additional use could not constitute a new or continuing trespass, even if it was beyond the scope of its easement.

This court has held that when "[u]nder the applicable non-bankruptcy law" a claim accrued before confirmation, that claim was discharged in bankruptcy. *McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739, 741 (8th Cir. 1996) (per curiam). In the present case, as the district court held, assuming IP had a trespass claim under Arkansas law, the claim accrued in 1987 and 1988 when MCI installed the fiber optic cable and marked its route with conspicuous posts and signs that gave MCI notice of the cable's presence. *Int'l Paper*, 202 F. Supp. 2d at 905 (citing *Core v. Southwestern Bell Tel. Co.,* 847 F.2d 497, 498 (8th Cir. 1988) (per curiam) (finding that a trespass claim under Arkansas law accrued upon notice of the location of the cable); *Southwestern Bell Tel. Co. v. Poindexter*, 433 S.W.2d 833, 835 (Ark. 1968) (holding cause of action accrued when the telephone company marked presence of cable "by posting conspicuous signs at intervals along the easement")). Like the New York bankruptcy court in the *WorldCom* cases, we conclude that any trespass claim IP may have had was therefore discharged in bankruptcy.

Accordingly, we dismiss the appeal.

_____