FOREMAN *v.* HOLLOWAY & SON.

Opinion delivered February 21, 1916.

1. DEEDS OF TRUST—TITLE PASSES FOR WHAT PURPOSE.—Although the naked legal title to lands included in a mortgage or deed of trust passes to the mortgagee, or to the trustee, for the purpose of making the security available in the payment of the debt, it passes for no other purpose, and the beneficiaries in such instruments do not acquire title absolute, except upon foreclosure, as the law requires.

2. MORTGAGES—MORTGAGOR IN POSSESSION—CUTTING TIMBER.—The mere fact that a mortgagor in possession cuts timber upon lands which he has mortgaged to another, would not alone constitute him a wilful trespaser in so doing; that would depend upon the facts and circumstances going to show whether his act in so doing was in good faith, and whether or not it results in injury to the mortgagee. *Semble,* when a grantor conveys land by absolute deed, the act of the grantor in cutting timber thereon, would constitute him a wilful trespasser.

3.   MORTGAGES—REMOVAL OF TIMBER—LIABILITY.—Lands were mortgaged
to appellant; the mortgagor sold some of the timber thereon, and
it was cut and delivered to appellees; in an action by the appellant,
against appellee for the value of the timber, *held*, the removal of
the timber impaired appellant's security to the extent of the value
of the timber as it stood upon the land, and that will be the
measure of the damages.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

One J. D. Tevis borrowed from George M. Foreman $2,600, executing his promissory note therefor and a deed of trust to secure the same on certain lands. Tevis having failed to pay the money when due, this suit was instituted on the note and to foreclose the deed of trust. Judgment was entered against Tevis, and it appearing that during the life of the mortgage G. D. Holloway & Son had purchased certain timber that had been cut by other parties from the land without the consent of the trustee or Foreman, the beneficiary, Holloway & Son and others were made defendants, and judgment was asked against them for the value of the timber so cut and removed.

The undisputed testimony showed that Tevis, the mortgagor, was in possession of the land and had authorized his agents, Pence & Adams, to sell the timber on the land. These agents sold the timber to one Peterson, who cut the same into saw logs and hauled the logs to the mill of appellees and sold the same to appellees at the rate of $6.25 per thousand for red oak and $7.50 per thousand for white oak. The court deducted $4.25 per thousand, this amount representing the cost of cutting and hauling the timber to the mill, and rendered judgment in favor of appellants for the sum of $160.93, that amount representing the value of the timber as it stood in the woods. Appellants duly prosecute this appeal.

*Brundidge & Neelly,* for appellant.

1.   Plaintiffs were entitled to recover the value of the timber at the mill instead of the value of the timber standing and growing upon the land.  109 Ark. 223; 73 *Id.* 466.

*J. N. Rachels* and *John E. Miller,* for appellees.

1. The plaintiffs were properly allowed only the value of the timber as it stood upon the land. 65 Ark. 448; 93 *Id.* 360; 94 *Id.* 512. Defendants were not trespassers. See also 52 Atl. 422. There was no bad faith, nor wilful trespass.

WOOD, J., (after stating the facts). Appellants contend that instead of $160.93, the value of the standing timber in the woods, judgment should have been rendered in their favor for the sum of $368.75, the latter sum being the value of the timber at the mill of appellees, which amount was made up of the value of the timber in the woods plus the cost of cutting and hauling the same to the mill.

To support this contention appellants rely upon the case of *Griffith* v. *Ayer-Lord Tie Co.,* 109 Ark. 223. In that case the appellee, the Ayer-Lord Tie Company, claimed under an instrument which the court construed to be a deed conveying to the tie company the absolute title to the timber, for which the company sued Griffith, setting up that the timber had been cut from the land and manufactured into crossties and sold to the defendant Griffith, and that all this was done without any right or authority and amounted to a conversion by the parties concerned, of the company's property. The suit as finally settled was at law for the value of the timber at the time Griffith purchased same. It was shown that Griffith bought the crossties, not knowing that the tie company had any interest therein. We said: "The correctness of the judgment turns upon the question of whether or not the instrument in evidence was a deed to appellee, creating an absolute title in it to the crossties in controversy, or whether or not it was intended as a deed to Leffler with a mortgage back to appellee creating a lien in its favor for the purchase money advanced to pay for the timber, and also the amounts advanced to Leffler to pay for the manufacturing of the same into crossties. Construing the whole instrument, we are of the opinion that it was a deed conveying the absolute title to the timber in contro-

versy to the appellee.'' And it was held that Griffith was liable for the value of the crossties, without deduction on account of the increase in value by the work and labor of the trespassers or wrongdoers who had first cut and removed the timber. The instrument under which the Ayer-Lord Tie Company claimed, gave it the absolute title in the timber, and the opinion in that case is grounded upon that fact. The judgment in favor of the tie company was correct because of that fact. On the other hand, if Leffler had had the absolute title and the instrument had been construed to be a mortgage by him to the tie company and the suit had been in equity to recover the value of the timber at the time it was sold, the case would have been entirely different and would have been like the case we now have under review.

(1) The fact that Leffler had no title to the timber at the time he sold the same to Wafford constituted him and Wafford wilful trespassers. Leffler having no title, of course he could convey none to Wafford. But, although the naked legal title to lands included in a mortgage or deed of trust passes to the mortgagee, or to the trustee for the purpose of making the security available in the payment of the debt, it passes for no other purpose, and the beneficiaries in such instrument do not acquire title absolute except upon foreclosure, as the law requires.

(2-3) The mere fact that a mortgagor in possession cuts timber upon lands which he has mortgaged to another, would not alone constitute him a wilful trespasser in so doing. That would depend upon the facts and circumstances going to show whether his act in so doing was in good faith, and whether or not it resulted in injury to the mortgagee. To be sure, where a grantor has, by absolute deed, conveyed land to another, then the grantor would thereafter have no title whatever to the timber growing upon the lands conveyed, and his act in cutting the timber, and selling same without the consent of the owner, would constitute him a wilful trespasser. But, such is not this case. Tevis, the mortgagor, sold the timber in controversy herein, through his agents, to one

Peterson, who, in turn, sold it to the appellees, G. D. Holloway & Son. G. D. Holloway & Son set up in their answer that "they bought the timber and it was brought to their mill yards, and they had nothing to do with the cutting or removing of it from the land, and that said timber was bought in good faith, and that said Peterson was fully able financially to answer for the value of the logs and should be held responsible for them, and that the land was sufficient to meet all amounts due, and if it should not prove to be sufficient, then the plaintiff should be required to exhaust all remedies against the defendants Tevis and his agents, who are worth the amount."

There is no contention on the part of apellants, and no evidence to show that these facts as alleged by appellees Holloway & Son are not correct.

In *Stewart* v. *Scott,* 54 Ark. 187-191, Chief Justice Cockrill, speaking for the court, said: "The mortgagee is in common, entitled to the possession of the mortgaged land; but until he takes it legally, the possession of the mortgagor is not illegal, and his entry is not of itself a trespass."

Here appellants are seeking to foreclose their mortgage. They are not entitled to recover any greater damages than they have sustained. They are not the absolute owners of the timber, and were only entitled to the possession of the same after the mortgagor had failed to pay his debt, as security for the satisfaction thereof. The removal and sale of the timber impaired their security to the extent of the value of this timber as it stood upon the land. The decree of the court awarded them such value, and this was all that in equity and good conscience should be allowed them.

The decree is therefore affirmed.