BELOATE *v.* NEW ENGLAND SECURITIES COMPANY.

Opinion delivered October 20, 1924.

1. MORTGAGES—REASSIGNMENT OF DEBT—ENFORCEMENT OF ACCELERATION CLAUSE.—Where default had been made in the payment of interest on a note secured by trust deed, the fact that the owner of the debt had assigned it and had not secured a reassignment before commencing a foreclosure suit did not prevent enforcement of the acceleration clause in the deed.

2. MORTGAGES—PARTIES TO FORECLOSURE.—The real owner of the debt secured by a deed of trust and the trustee therein are necessary parties to an action to foreclose such deed.

3. MORTGAGES—FORECLOSURE—DEFECT OF PARTIES.—Though a mortgage foreclosure suit will be dismissed if the owner of the debt

secured is not a party, such defect may be cured by subsequently joining him as a party.

4. MORTGAGES—RIGHT OF MORTGAGEE TO RECOVER TAXES PAID.—Where the owner of a debt secured by deed of trust assigned the debt and agreed to look after collections and report any tax delinquencies, in a subsequent suit by it after the debt had been reassigned to it, it could recover for taxes paid by it before reassignment, such payment not being voluntary.

Appeal from Lawrence Chancery Court, Eastern District; *Lyman F. Reeder,* Chancellor; affirmed.

*E. H. Tharp,* for appellant.

While the trustee in a mortgage is a necessary party, he cannot bring suit in his own name, but in his trust capacity. 44 Ark. 314. Suit must be brought by the owner of the indebtedness. 159 Ark. 231. A trustee cannot assume any right not given him by the grantor. 27 Ark. 122. The power of the trustee to act is limited by the deed itself. 31 Ark. 400. The reassignment after suit gave appellee no right either in the deed or note. 85 Ark. 246. The trustee could only bring action jointly with the owner of the note or foreclosed under the terms of the deed of trust, after being requested to do so by the holder of the note. 36 Ark. 17. Appellee was a volunteer in redeeming from the tax sale. One cannot make another his debtor without the latter's consent or request. 17 Wallace 166. The trustee could not recover judgment. 43 Ark. 521; 30 Ark. 600.

*Ponder & Gibson,* for appellee.

The suit was properly brought in the name of the trustee. The security company, although a proper party, was not a necessary party. C. & M. Dig., § 1092. See 30 Cyc. 85; 120 Wis. 405; 120 Ala. 449; 286 Ill. 606; 30 Ark. 249; 48 Ark. 355; 159 Ark. 231. Section 10100, C. & M. Digest, affords authority to appellee for the redemption of the land from tax sale. Redemption laws will be liberally construed. 39 Ark. 580; 113 Ark. 497. Almost any right, either at law or equity, perfect or inchoate, in possession or in action, or whether a charge or incumbrance, amounts to such ownership as will entitle the party holding to redeem. 39 Ark. 580; 42 Ark.

215. See also 74 Ark. 393. Any person may redeem lands from tax sale without authority, but such redemption inures to the benefit of the owner. 65 Miss. 516. Even if appellee were a volunteer, the reassignment by Mrs. Cady operated as a ratification of the redemption.

McCULLOCH, C. J. This is an action to foreclose a mortgage, or deed of trust, on real estate. The land in controversy was owned by T. J. Draper and his wife, Anna, and on January 1, 1919, they borrowed the sum of $2,100 from appellee, New England Securities Company, and executed a note for the same, due and payable five years after date, with interest coupons payable annually. They also executed a deed of trust to appellee, T. C. Alexander, conveying the land in controversy, as security for the debt. Prior to the commencement of this action the Drapers sold and conveyed the land to appellant, W. E. Beloate, the latter assuming, as a part of the consideration for the conveyance, to pay off the mortgage. The action was instituted by the New England Securities Company and T. C. Alexander, trustee, against Beloate and the Drapers.

It is alleged in the complaint that the New England Securities Company is the owner of the note with interest coupons, that default had been made in paying some of the coupons when due, and that the lands in controversy had been sold for taxes and that the same had been redeemed by the New England Securities Company, the sum of $357.02 being paid out in effecting the redemption. The notes and deed of trust contained an accelerating clause providing that all of the debt should be declared due on default in the payment of any interest coupon.

On January 24, 1919, the New England Securities Company assigned the debt to Mrs. Mary E. Wells Cady, by indorsement and by a separate written assignment. in which the assignor undertook to "look after the collection of the interest as it falls due, and the principal at maturity, and to remit same; to keep insurance in force for and on behalf of the holder thereof according to the provisions of the deed of trust securing the bond; to

make an annual examination of the taxbooks, and to report any delinquencies, and to advise the holder hereof of the status of the borrower and the condition of the security, whenever deemed necessary, hereby guaranteeing the deed of trust securing this bond to be a first and valid lien upon the premises described therein.'' Appellant Beloate filed an answer in which he denied that the New England Securities Company was the owner of the debt, and denied the right of the company to declare maturity of the same, or to pay the taxes on the land and assert a lien therefor, pleading that the New England Securities Company was a mere volunteer in the payment of the taxes. Thereafter, and before the trial of the cause, the New England Securities Company obtained a reassignment of the debt from Mrs. Cady. The instrument reassigning the debt was dated prior to the commencement of this action, but it was not acknowledged until a date subsequent to the commencement of the action. It appears that, in anticipation of the commencement of this suit, the reassignment was prepared by appellee New England Securities Company and forwarded to Mrs. Cady, and that the forfeiture was declared and this suit instituted before the assignment was actually executed by Mrs. Cady. The proof shows that the taxes were also paid by the New England Securities Company before the reassignment. In the final decree the court awarded a foreclosure for the full amount of the debt, as well as for the amount of taxes paid, and ordered a sale by the commissioner.

It is insisted, in the first place, that the suit was premature for the reason that a declaration of maturity of the debt was not made by the real holder; in other words, that the New England Securities Company was not the holder of the debt at the time it declared the maturity. It is sufficient answer to this contention to say that default had been made in the payment of interest which fell due prior to the commencement of the suit, and it was the right of the owner of the debt, whoever that might be, to declare maturity

under the acceleration clause and institute an action for the whole debt. The fact that the New England Securities Company had not secured a reassignment of the debt at the time it commenced this suit does not prevent an enforcement in this suit of the acceleration clause in the deed.

It is further insisted that the New England Securities Company was not the owner of the debt at the commencement of the suit, and could not be brought into the action after its commencement. The real owner of the debt, as well as the trustee in the mortgage, were necessary parties in the action to recover the debt and foreclose the mortgage. *Boyd* v. *Jones,* 44 Ark. 314; *Snider* v. *Dennis,* 159 Ark. 231. If the plea of appellant that the New England Securities Company was not the owner of the debt had been made good by proof, the suit should have been dismissed on account of defect of parties (*Boyd* v. *Jones, supra*), but the proof of the reassignment of the debt to the New England Securities Company subsequent to the commencement of the action was tantamount to an establishment of its rights to maintain this suit and to be brought in at that time as a necessary party-plaintiff, and, with that proof in the record, it would have been improper for the court to dismiss the action. Where one of the necessary parties has brought the action without joining the other party, the defect may be cured by bringing in the other party. *Snider* v. *Dennis, supra.* It is not like a case where there is an effort to substitute parties who have a right of action for other parties who instituted the action without right.

The same reasons stated herein for sustaining the decree with respect to the parties also sustain it as to the recovery of the taxes. In addition to those reasons, it may be said that the New England Securities Company was not a volunteer in paying the taxes, as it was under obligation to its assignee of the debt to protect the property from tax liens.

We think the decree was correct in all things, and it is affirmed.