Sherry D. WILMANS *v.* SEARS, ROEBUCK and CO.

03–429                                                          144 S.W.3d 245

Supreme Court of Arkansas
Opinion delivered January 29, 2004

[Petition for rehearing denied March 4, 2004.]

*David A. Hodges*, for appellant.

*Hosto & Buchan, P.L.L.C.*, by: *Steven D. Durand* and *Margaret M. Newton*, for appellee.

Jim Hannah, Justice. Sherry D. Wilmans appeals an order of the Pulaski County Circuit Court dismissing her complaint for declaratory judgment based on her failure to join her daughter Lisa Moreno as an indispensable party. Wilmans argues that the trial court erred because Moreno is not an indispensable party, and because even if Moreno were an indispensable party, the case could continue in equity and good conscience under Ark. R. Civ. P. 19 (2003). Appellee Sears, Roebuck and Co., argues that Moreno, as the person accused of making disputed charges on Wilmans's charge account, is an indispensable party because if Moreno is not made a party to the action, liability for the debt on Wilmans's credit account cannot be resolved.

Wilmans's complaint for declaratory judgment does not seek to resolve who owes for the charges on Wilmans's account. This declaratory judgment action presents a more limited issue to the trial court. Wilmans asks the trial court to declare whether under her credit agreement with Sears, she is liable for charges for which she did not sign a charge slip. Moreno and her alleged conduct cast no light on whether or not the credit agreement requires Wilmans to pay for charges for which she signed no charge slip. Therefore, Moreno is not an indispensable party.

Sears impermissibly attempts to convert Wilmans's declaratory judgment action into its own action to recover on the debt. Wilmans is the plaintiff. Sears is the defendant. Sears has no pending action to collect on Wilmans's account. This case is reversed and remanded for the trial court to determine whether Wilmans's credit agreement with Sears makes her liable for credit extended without her signature on the charge slip. We have jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(b)(6) (2003).

*Facts*

In October 2001, Sears notified Wilmans that her charge account was past due on a balance of $8,381.28. Wilmans asserts that she did not make these charges to her account, and that she was unaware of the account balance until Sears notified her it was past due. She also asserts that she is the only person who is authorized to use her account.

After receiving notice of the alleged past due account, Wilmans notified Sears of unauthorized charges and completed a "Chargecard Unauthorized Use Claim Form." She requested copies of the charge slips, however; Sears never provided copies.

Wilmans also notified Sears that her daughter, who was at one time employed by Sears, might have made the unauthorized charges. Sears continued to pursue payment from Wilmans and threatened to turn the matter over to a collection agency.

Wilmans filed this action for declaratory judgment asking the trial court for a declaration that under her credit agreement with Sears she does not owe any amount of the alleged indebtedness except that amount for which Sears can show she signed charge slips. Sears filed a motion to dismiss under Ark. R. Civ. P. 12(b)(7) (2002), alleging that the declaratory judgment action was to determine "who is responsible for the charges which were made to Plaintiff's Sears account . . . ." Sears asserted in its motion to dismiss that the issue of who owes Sears on Wilmans's account could only be determined by deciding "what Ms. Moreno was and wasn't authorized to do regarding the charges that were made to Plaintiff's account." Sears further alleged that Wilmans's testimony alone would not adequately resolve the question of who owed on Wilmans's account, and that Sears should not have to retry this case against Moreno at a later date.

Wilmans asserts that Sears prevailed on its motion to dismiss by mischaracterizing the issue as to who owes Sears when the issue actually is whether Wilmans owes Sears on charges for which she did not sign a charge slip. The trial court agreed with Sears and dismissed the declaratory judgment action on December 11, 2002, for failure to join Moreno as an indispensable party.

*Standard of Review*

Wilmans appeals the dismissal of her action under Ark. R. Civ. P. 12(b)(7) (2002). When reviewing a dismissal under Rule 12(b), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *See Clayborn v. Bankers Standard Ins. Co.*, 348 Ark. 557, 75 S.W.3d 174 (2002). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.*

*Declaratory Judgment*

Wilmans filed a declaratory judgment action. A declaratory judgment action seeks to avoid uncertainty and insecurity with respect to rights, status, and other legal relations. *Newcourt*

*Fin., Inc. v. Canal Ins.*, 341 Ark. 181, 15 S.W.3d 328 (2000). It is not a substitute for an ordinary cause of action. *Martin v. Equitable Life Assurance Soc'y*, 344 Ark. 177, 40 S.W.3d 733 (2001). A declaratory judgment action is not a proper means of trying a case. *Martin, supra.*

■ A declaratory judgment action is to be liberally construed in resolving uncertainty in rights, status, and legal relations. Ark. Code Ann. § 16-111-102 (1987). Wilmans's complaint states in pertinent part:

> Plaintiff asks for a declaratory judgment against the Defendant that she does not owe any amount of this alleged charge or indebtedness except on any charge on which she signed her name.

Wilmans thus asked the trial court to declare her obligation under her credit agreement with Sears for charges on which she did not sign a charge slip.

Sears, however, states in its motion to dismiss under Ark. R. Civ. P. 12 (b)(7) (2002):

> According to plaintiff's pleadings, the controversy to be decided in this case is: Who is responsible for the charges which were made to the Plaintiff's Sears account?

Sears's characterization is at odds with Wilmans's complaint. It is also at odds with a declaratory judgment action. Wilmans has not yet been sued by Sears on the charges. However, Sears has sought payment on the debt from Wilmans. Wilmans's filing of a declaratory judgment action might be considered preemptive and undesirable by Sears because Sears would understandably prefer to resolve the ultimate issue of who owes on the charge account. That desire, however, does not alter the fact that procedurally, the trial court was presented with a declaratory judgment action seeking a simple declaration of whether under the credit agreement with Sears, Wilmans owes on charges for which she signed no charge slip.

■ ■ The issue presented by Wilmans requires the trial court to examine the credit agreement and declare Wilmans's obligations under that agreement on charges for which Wilmans did not sign a charge slip. Moreno's conduct is not relevant to that determination. Whatever Moreno did or did not do in no way altered the terms of the credit agreement. Contrary to Sears's understandable attempt to litigate the issue of who owes Sears its money, a declaratory judgment action is not a substitute for an

ordinary cause of action, which in this case, is an action in contract to recover on the charge account. Contrary to Sears's argument, Moreno is not an indispensable party. An indispensable party is one without whom complete relief cannot be accorded. Ark. R. Civ. P. 19(a). The relief sought in this case is a declaratory judgment of obligations under a contract. Ark. Code Ann. § 16-111-104 (1987). Moreno and her conduct cast no light on the contractual obligations under the credit agreement.

Declaratory relief will lie where (1) there is a justiciable controversy; (2) it exists between parties with adverse interests; (3) those seeking relief have a legal interest in the controversy; and (4) the issues involved are ripe for decision. *Jegley v. Picado*, 349 Ark. 600, 80 S.W.3d 332 (2002); *U.S. Term Limits, Inc. v. Hill*, 316 Ark. 251, 872 S.W.2d 349 (1994); *WUHS of Ark., Inc. v. City of Sherwood*, 296 Ark. 97, 752 S.W.2d 36 (1988); *Andres v. First Ark. Dev. Fin. Corp.*, 230 Ark. 594, 324 S.W.2d 97 (1959).

All four elements are met in the present case. There is a justiciable controversy. Sears believes that Wilmans owes the debt assigned to her credit account and has sought payment from Wilmans. This controversy exists between two parties having adverse interests. Sears claims Wilmans owes for the charges on her account. She claims she does not owe for the charges. Wilmans has an interest in the controversy because Sears argues that she owes the debt, and the issue is ripe for adjudication because Sears continues to pursue recovery of the debt from Wilmans.

The issue before the trial court was whether under the terms of the credit agreement between Wilmans and Sears, Wilmans may be held liable for credit extended in the absence of her signature on the charge slip. This issue has not been decided, and this case must be reversed and remanded for the trial court to determine Wilmans's obligations under the credit agreement on charges for which Wilmans did not sign a charge slip.

Sears, however, objects to being required to relitigate liability for the debt in another action. Sears will not be required to relitigate who owes on the debt because that issue is not being litigated in the present action. What has never been litigated cannot be relitigated. This case is reversed and remanded for the

trial court to declare whether under the terms of the credit agreement Wilmans is liable for charges for which she did not sign a charge slip.

Reversed and remanded.

GLAZE and IMBER, JJ., dissent.

TOM GLAZE, Justice, dissenting. The majority opinion is clearly wrong. This decision now authorizes a procedure which will allow a debt on an account to be bifurcated. Now, a debtor can file a declaratory judgment action to determine, factually, what he or she owes on the account, when another person who also is alleged to owe monies on the account is not made a party to the suit. The debtor, Sherry D. Wilmans, is using a declaratory judgment action to determine what she owes without that other co-debtor, Moreno, being notified or served. Of course, when Wilmans obtains a declaratory judgment, that judgment will bar any action against her in any future suit brought by Sears on the account.

In this case, Wilmans claims Moreno is currently living in Mexico, and the State has no personal jurisdiction over her. Wilmans and Moreno were both residents of Arkansas when *all* of the indebtedness was incurred. Moreno was subject to process under Arkansas law and our rules of civil procedure, but that was not done. Wilmans is off track; what is actually a cause of action on an open account, has instead been improperly characterized and labeled a declaratory judgment action. This case can and should be dismissed without prejudice, so that all parties can be served and an action can properly proceed to decide this creditor-debtor, open-account action.

ANNABELLE CLINTON IMBER, Justice, dissenting. Because the complaint filed by Wilmans seeks affirmative relief *and* a ruling that her daughter, Lisa Moreno, was not authorized to use her credit card, I agree with the trial court that Moreno is a necessary and indispensable party under Rule 19 of the Arkansas Rules of Civil Procedure. Consequently, I must respectfully dissent.

The following excerpts from Wilmans's complaint reflect the broad relief requested:

- Sears attempts to charge to the Plaintiff charges made by Lisa Moreno, ... and there is no basis for charging *the disputed bills* to the Plaintiff.

- Sears continues to seek to collect from the Plaintiff for charges that have been made by Lisa Moreno without the knowledge of the Plaintiff and *without the authorization* of the Plaintiff and, therefore, *these charges* should not be billed to the Plaintiff under the circumstances.

- [T]he Plaintiff will experience irreparable harm from the effort of Sears to collect *these unauthorized and unjustified charges.*

- Plaintiff asks for declaratory judgment against the Defendant that she does not owe any amount *of this alleged charge* or indebtedness except on any charge slip on which she signed her name.

- [T]he Plaintiff *never authorized* her daughter to make any charges at all on the Sears account.

- Each and every charge that Lisa Moreno made on the account was *unauthorized.*

Similarly, in her response to the motion to dismiss filed by Sears, Wilmans reiterates her request for broad relief:

> The Plaintiff is seeking to have the charges that she did not make on her credit card taken off. Sears cannot provide authorization slips for these charges. *The Plaintiff is simply seeking a declaratory judgment which would state that she is not liable for these charges. . . . The Plaintiff is seeking to have her account cleared of the charges that she did not make. . . . The Plaintiff simply did not make these charges nor did she authorize anyone to charge these items.*

(Emphasis added.) This is not, as the majority states, "a simple declaration of whether under the credit agreement with Sears, Wilmans owes on charges for which she signed no charge slip." Wilmans's complaint squarely presents the question of Moreno's authorization, and, thus, who is liable for the charges. Accordingly, "in [Moreno's] absence[,] complete relief cannot be accorded among those already parties." Ark. R. Civ. P. 19(a)(1) (2003).

Wilmans seeks to have the circuit court decide whether Moreno was authorized to make the disputed charges on the Sear's card without naming Moreno as a party to the suit. Under these circumstances, I cannot conclude that the circuit court erred in dismissing the action under Ark. R. Civ. P. 12(b)(7) (2003).

GLAZE, J., joins.