IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 18, 2013 Session

## MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. v. CARLTON J. DITTO, ET. AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 12-0058    Hon. W. Frank Brown, III, Chancellor**

---

**No. E2012-02292-COA-R3-CV - Filed January 2, 2014**

---

This appeal involves the purchase of property at a tax sale. MERS filed suit against Purchaser to invalidate his purchase of property because it had not received notice of the sale even though it was listed as a beneficiary or nominee on the deed of trust. Purchaser claimed that MERS was not entitled to notice because MERS did not have an interest in the property. Purchaser also alleged that MERS failed to properly commence its lawsuit because it did not remit the proper funds pursuant to Tennessee Code Annotated section 67-5-2504(c). The trial court refused to set aside the tax sale, holding that the applicable notice requirements were met and that Purchaser was the holder of legal title to the property. MERS appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Caroline B. Stefaniak, Chattanooga, Tennessee, and JoAnn T. Sandifer, St. Louis, Missouri, for the appellant, Mortgage Electronic Registration Systems, Inc.

Carlton J. Ditto, Chattanooga, Tennessee, Pro Se.

Rheubin Taylor and James C. Davey, Chattanooga, Tennessee, for the appellee, Hamilton County f/u/b State of Tennessee.

# OPINION

## I. BACKGROUND

MERSCORP, Inc., the parent company of Mortgage Electronic Registration Systems, Inc. ("MERS"), was developed "to serve as the mortgagee of record and operate an electronic registration system for tracking interests in mortgage loans." Lending institutions pay an annual subscription fee to MERS "for the electronic processing and tracking of ownership and transfers of mortgages." When lenders in the MERS system execute a deed of trust, the lender designates MERS as a beneficiary or nominee. The lender retains the promissory note and the servicing rights of the mortgage. By designating MERS on the deed, the lender is able to sell the mortgage to another MERS member without having to record the transfer in the county office, thereby avoiding the payment of recording fees. MERS tracks the sale of the mortgage and is tasked with providing the current lender with any notices concerning the property throughout the life of the mortgage. If a mortgage within the system is sold to a nonmember, MERS assigns the mortgage to the new lender, ending any involvement by MERS.

The property at issue in this case was initially purchased by Joseph L. Dossett and Gerald Dossett, as joint tenants with rights of survivorship. The recorded Deed of Trust ("the Deed") provided that the property was encumbered by a mortgage held by Choice Capital Funding, Inc. ("Capital"). The Deed identified Robbie McLean as the trustee and MERS as the beneficiary, "acting solely as a nominee for [Capital] and [Capital's] successors and assigns." The Deed provided an address for MERS and Capital and further provided, in pertinent part,

### TRANSFER OF RIGHTS OF THE PROPERTY

> The beneficiary of this Security Instrument is MERS (solely as nominee for [Capital] and [Capital's] successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to [Capital]: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. . . . Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for [Capital] and [Capital's] successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, release and cancelling this Security Instrument.

Following the purchase of the property, the Dossetts failed to remit the applicable taxes on the property. In 2010, Hamilton County filed a delinquent tax suit against a number of property owners, including the Dossetts. The Dossetts and Capital[1] were provided notice of the suit. MERS was not provided notice. Following the continued failure of the Dossetts to remit the applicable taxes, the property was sold at a public tax sale to Carlton J. Ditto ("Purchaser"). The sale was confirmed by judicial decree.

On January 27, 2012, MERS filed a petition to set aside the tax sale and for a declaratory judgment. The suit filed by MERS was consolidated with the initial suit to recoup the delinquent taxes, thereby adding Hamilton County as a party. MERS alleged that the sale was unconstitutional and should be set aside because it never received notice of the delinquent tax suit or the corresponding sale. Purchaser responded with a motion to dismiss, asserting that MERS failed to properly commence its suit because it never tendered the required funds pursuant to Tennessee Code Annotated section 67-5-2504(c). Later, Purchaser and MERS filed competing motions requesting a judgment on the pleadings. Purchaser renewed its initial argument that MERS failed to properly commence the suit and alternatively asserted that MERS was not entitled to notice because it did not have a valid interest in the property. Hamilton County responded to MERS by asserting that MERS was not entitled to notice of the sale because MERS was not a beneficiary of the Deed. Hamilton County noted that the "language purporting to identify MERS as the beneficiary [was] ambiguous and inconsistent" and that MERS was "not entitled to, and [did] not claim, any of the benefits to which a deed of trust beneficiary is entitled."

A hearing was held on the competing motions at which MERS offered to submit the required funds pursuant to section 67-5-2504(c). Following the hearing, the trial court found that MERS had only a nominal stake in the proceeding and that "because MERS had no true property interest, it could suffer no injury, and its due process rights were not violated by lack of notice." The court further held that MERS was not entitled to notice because MERS had "no legal or equitable interest in the property sold and [was] not a creditor having a lien on the property." The court concluded that the delinquent tax attorney fulfilled the notice requirements of section 67-5-2502 by issuing notice to the Dossetts and Capital, the only parties revealed in the records search that held a valid interest in the property. The court granted Purchaser's motions, concluding that he retained legal ownership of the property. This timely appeal followed.

---

[1] Capital sold the mortgage prior to receiving notice of the proceeding. The record is unclear as to the identity of the current lender.

## II.  ISSUES

We restate the issue raised on appeal by MERS as follows:

A.  Whether the trial court erred by refusing to invalidate the sale of the property when MERS did not receive notice of the suit or the corresponding sale.

Purchaser raised an issue for our review that we restate as follows:

B.  Whether MERS was precluded from relief pursuant to Tennessee Code Annotated section 67-5-2504(c).

## III.  STANDARD OF REVIEW

This appeal presents legal issues.  The trial court's conclusions of law are subject to a de novo review with no presumption of correctness.  *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Additionally, when this court reviews a trial court's ruling on a motion for judgment on the pleadings, we must accept as true "all well-pleaded facts and all reasonable inferences drawn therefrom" alleged by the parties opposing the motion.  *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn. 2004); *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991).

## IV.  DISCUSSION

### A.

MERS argues that the sale of the property should be invalidated because Hamilton County violated the statutory notice requirements, codified at Tennessee Code Annotated section 67-5-2502, and the Due Process Clause of the Fourteenth Amendment by failing to provide notice of the proceeding or the corresponding sale.  Purchaser responds that MERS did not have standing to bring suit because it had not "sustained any injury or damage as a result of not being notified of the tax sale."[2]  MERS responds that it sustained injury or damage "both in its own right and as agent for the note holders" and that the elimination of the lien without notice threatens its "fundamental business model."

---

[2]Hamilton County did not file a responsive brief.

The Due Process Clause of the Fourteenth Amendment provides that states may not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend XIV, § 1. "In 1950, the U.S. Supreme Court recognized that an action cannot proceed against a person or entity that would affect an interest in life, liberty, or property unless the State first provides 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Bullington v. Greene Cnty.*, 88 S.W.3d 571, 576 (Tenn. Ct. App. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The Supreme Court specifically instructed states to "make efforts to provide actual notice to all interested parties" of an action affecting property rights. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 796 n.3 (1983). "When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of *Mullane*." *Id.* at 798 (footnote omitted). Relative to notice of delinquent tax sales in Tennessee, the Code provides, in pertinent part,

> (c) The delinquent tax attorney shall make a reasonable search of the public records in the offices of the assessor of property, trustee, local office where wills are recorded, and register of deeds and give notice to persons identified by the search as having an interest in the property to be sold.

Tenn. Code Ann. § 67-5-2502(c).

In order to pursue an action to set aside the sale of the property for lack of notice, MERS must have standing to file suit. The doctrine of standing invokes "whether a particular litigant is entitled to have a court decide the merits of a dispute or of particular issues." *American Civil Liberties Union of Tennessee v. Darnell*, 195 S.W.3d 612, 619 (Tenn. 2006) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976)). In *Darnell*, the Court explained the concept of standing by stating,

> Grounded upon "concern about the proper – and properly limited – role of the courts in a democratic society," the doctrine of standing precludes courts from adjudicating "an action at the instance of one whose rights have not been invaded or infringed." The doctrine of standing restricts "[t]he exercise of judicial power, which can so profoundly affect the lives, liberty, and property of those to whom it extends, . . . to litigants who can show 'injury in fact' resulting from the action which they seek to have the court adjudicate." Without limitations such as standing and other closely related doctrines "the

-5-

courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights."

195 S.W.3d at 619-20 (citations with explanatory information and footnote omitted). In order to establish standing, a claimant must show three elements:

(1) a distinct and palpable injury, as opposed to a conjectural or hypothetical injury; (2) a causal connection between the claimed injury and the challenged conduct; and (3) the alleged injury is capable of being redressed by a favorable decision of the courts.

*See Lynch v. City of Jellico*, 205 S.W.3d 384, 395 (Tenn. 2006) (citations omitted). The primary focus of a standing inquiry is on the party, not the merits of the claim. *Metro. Air Research Testing Auth., Inc. v. Metro. Gov't of Nashville and Davidson Cnty.*, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992).

This appears to be an issue of first impression in this court. We acknowledge that numerous courts from other jurisdictions have considered the ability of MERS to intervene or participate in litigation regarding property in the MERS system. These cases have yielded conflicting results. *See, e.g.*, *Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, 294 (1st Cir. 2013) (holding that MERS had the authority to transfer title to a loan servicing company); *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1204-05 (10th Cir. 2011) (holding that MERS had the authority to foreclose on behalf of the current lender even absent authorization by every investor holding an interest); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044-45 (9th Cir. 2011) (recognizing that "[t]he legality of MERS's role as a beneficiary may be at issue where MERS initiates foreclosure in its own name" but ultimately holding that a claim for wrongful foreclosure had not been raised when the trustees initiated the foreclosure); *Mortg. Elec. Registration Sys., Inc. v. Bellistri*, No. 4:09-CV-731 CAS, 2010 WL 2720802, at *11-16 (E.D. Mo. July 1, 2010) (holding that MERS was entitled to notice of right of redemption in quiet title action because MERS held a protected property interest); *Mortg. Elec. Registration Sys., Inc. v. Southwest Homes of Arkansas*, 301 S.W.3d 1, 8-9 (Ark. 2009) (upholding denial of motion to set aside decree of foreclosure because MERS held no property interest); *Citimortgage, Inc. v. Barabas*, 975 N.E. 2d 805, 813-18 (Ind. 2012) (holding that MERS's assignee had right to intervene in foreclosure proceeding but stopped short of asserting that MERS was independently entitled to notice); *Landmark Nat. Bank v. Kesler*, 216 P.3d 158 (Kan. 2009) (denying motion to set aside foreclosure because the record lacked evidence as to whether MERS suffered prejudice and would have had a meritorious defense and ruling

that MERS suffered no injury); *Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2 A.3d 289, 296-97 (Me. 2010) (holding that MERS lacked standing to initiate a foreclosure proceeding because it never obtained an independent interest in the subject property). While these cases present a general background upon which to frame our analysis, the cases are not binding upon this court. The district court orders cited by MERS are also not binding upon this court in our determination as to whether MERS had standing to sue for lack of notice. *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 871 (Tenn. 2010).

As previously stated, the Deed at issue in this case provided that MERS held "legal title to the interests granted by" the Dossetts and that

> *if necessary* to comply with law or custom, MERS (as *nominee* for [Capital] and [Capital's] successors and assigns) has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required.

(Emphasis added). MERS is not pursuing this action on behalf of the current lender as an assignee. *Cf. Sprint Commc'ns Co., L.P. v. APPC Servs., Inc.*, 554 U.S. 269 (2008) (upholding the history and tradition providing that "an assignee for collection may properly bring suit to redress the injury originally suffered by his assignor"). Instead, MERS asserts that it was independently entitled to notice because it possessed a constitutionally protected property interest as a result of being named beneficiary or nominee on the Deed.

Despite the alleged assignment, MERS was never given an independent interest in the property. *See generally Saunders*, 2 A.3d at 296-97 (holding that MERS never obtained an independent interest in the subject property). The Dossetts were instructed to mail payments and notices to the current lender that held the promissory note, while MERS solely recouped payment for its services from the current lender and was specifically relegated to the role of nominee relative to the interests transferred by the Dossetts. Nominee is defined, by Black's Law Dictionary, 9th edition, as "[a] person designated to act in place of another, usu. in a very limited way" or as "[a] party who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others." MERS even argued in a prior case that it was "contractually prohibited from exercising any rights with respect to the mortgages (i.e., foreclosure) without the authorization of the members." *See generally Mortg. Elec. Registration Sys., Inc. v. Nebraska Dept. of Banking and Fin.*, 704 N.W.2d 784, 787 (Neb. 2005).

Additionally, MERS did not suffer an injury by the sale of the property at issue as evidenced by the fact that MERS did not discover that the property had been sold until approximately 19 months after the sale. The record reflects that the only injury suffered by

MERS related to the future effect this case could have on its business model, which is reliant upon the avoidance of county recording fees by placing the onus on the county to provide notice to MERS instead of the current lender. We fail to see how this is a distinct and palpable injury capable of being redressed by this court. Accordingly, we uphold the trial court's grant of Purchaser's motion for judgment on the pleadings because MERS did not have standing to file suit.

B.

In the event of further review, we must address Purchaser's assertion that compliance with section 67-5-2504(c) was a prerequisite for relief. The Code provides, in pertinent part,

> No suit shall be commenced in any court of the state to invalidate any tax title to land until the party suing shall have paid or tendered to the clerk of the court where the suit is brought the amount of the bid and all taxes subsequently accrued, with interest and charges as provided in this part.

Tenn. Code Ann. § 67-5-2504(c). The parties agree that MERS did not tender the appropriate funds; however, MERS asserted at the hearing that it remained willing and able to tender the funds if directed to by the trial court.

This issue has been addressed by this court with conflicting results. In 2002, this court set aside a tax sale for lack of notice even though the plaintiff did not remit the required funds until he was directed to by the trial court. *Bullington v. Greene Cnty.*, 88 S.W.3d 571, 575-81 (Tenn. Ct. App. 2002); *see also Bass v. Wilkins*, Madison Equity No. 1, 1989 WL 11736 (Tenn. Ct. App. Feb. 15, 1989) ("[W]here the decree affirming the sale is void, payment or tender of the amount bid as required by the statute is not a prerequisite for relief."). Conversely, in 1998, this court held that compliance with section 67-5-2504(c) was a prerequisite for filing a suit to set aside a tax sale. *Ewell v. Hill*, No. 02A01-9608-CH-00178, 1998 WL 18142, at *3 (Tenn. Ct. App. Jan. 21, 1998), *perm. app. denied* (Tenn. July 13, 1998) (acknowledging conflicting case law on the issue). The court in *Ewell* did not reach the issue of whether the decree affirming the sale was void for lack of the constitutionally required notice. *Id.*

Tennessee Supreme Court Rule 4(G)(1) provides, in pertinent part,

> An unpublished opinion shall be considered controlling authority between the parties to the case when relevant under the doctrines of the law of the case, res judicata, collateral estoppel, or in a criminal, post-conviction, or habeas corpus action involving the same defendant. Unless designated "Not For Citation,"

"DCRO" or "DNP" pursuant to subsection (F) of this Rule, unpublished opinions for all other purposes shall be considered persuasive authority.

Considering that *Bullington* is a published opinion and more recent in time, we conclude that the failure to tender the appropriate funds when filing the petition to set aside the sale was not a prerequisite for relief.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Mortgage Electronic Registration Systems, Inc.

_____
JOHN W. McCLARTY, JUDGE