

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00204-CR

———————————————

KALEY BRYNN JOHNSTON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR16291

---

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

A jury found Appellant Kaley Brynn Johnston guilty of the third-degree-felony offense of possession of a controlled substance, methamphetamine, of one gram or more but less than four grams. *See* Tex. Health & Safety Code §§ 481.115(a), (c), .102(6). The jury assessed punishment at seven years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Penal Code § 12.34 (stating that the punishment range for a third-degree-felony offense is two to ten years' confinement and up to a $10,000 fine). The trial court pronounced the sentence as assessed by the jury. The written judgment, however, included a restitution fee that was not orally pronounced. Because we will determine that the restitution fee ordered in the written judgment was improperly imposed, we will delete it and affirm the trial court's judgment as modified.

Johnston's court-appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief in which she avers that, in her professional opinion, this appeal is frivolous. Counsel's brief professionally evaluates the appellate record and demonstrates why no arguable grounds for relief exist; the brief and withdrawal motion thus meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). *See Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991).

Counsel also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).[1]

We sent Johnston a letter informing her that her court-appointed counsel had filed a motion to withdraw and an *Anders* brief and that if she wished to file a pro se response to counsel's *Anders* brief, it must be filed by February 2, 2026. Johnston did not file a pro se brief in response. Likewise, the State did not file a response.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

---

[1]In *Kelly*, the Court of Criminal Appeals listed additional tasks an appointed lawyer who files an *Anders* brief must perform:

> He must write a letter to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, and (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous. To this list we now add that appointed counsel who files a motion to withdraw and *Anders* brief must also (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

436 S.W.3d at 319 (footnote omitted). The court also required counsel to supply the appellant with the mailing address for the court of appeals. *Id.* at 320.

As is our duty, we have carefully reviewed counsel's brief and the appellate record. The record shows that the jury did not assess, and the trial court did not include in its oral pronouncement of Johnston's sentence, a restitution fee. Yet, the written judgment reflects a $1,385 restitution fee.

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *See* Tex. Code Crim. Proc. art. 42.03, § 1 (providing that "sentence shall be pronounced in the defendant's presence"). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The rationale for this rule is that "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed." *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

Here, because it was not part of the trial court's oral pronouncement of Johnston's sentence, we modify the written judgment to delete the $1,385 restitution fee. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that an appellate court has the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed); *Alexander v. State*, 301 S.W.3d

361, 364 (Tex. App.—Fort Worth 2009, no pet.) (holding order of restitution must be included in the oral pronouncement to be valid).

Except for this modification to the judgment, we agree with counsel that an appeal would be wholly frivolous and without merit; we find nothing in the appellate record that otherwise arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 11, 2026